IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAY 2 5 2007
Michael N. Milby, Clerk

| | |
|---|---|
| ARCHIE L. WILLIAMS <br> PRO SE <br><br> PLAINTIFF <br><br> V <br><br> AT&T INC. <br> (formerly SBC Communication Inc.) <br> & <br> EDWARD E. WHITACRE JR. <br> IN HIS OFFICIAL CAPACITY AS <br> CHAIRMAN AND CEO OF AT&T <br> INC. <br> & <br> MICHAEL D. TYSON <br> IN HIS OFFICIAL CAPACITY AS <br> IMMEDIATE SUPERVISOR OF <br> AT&T INC. <br><br> DEFENDANTS | CASE NO. H-07-0559 <br><br> JURY TRIAL DEMANDED |

# FIRST AMENDMENT TO
# ORIGINAL COMPLAINT

Plaintiff, Archie L. Williams brings this civil action against Defendants, AT&T under state and federal laws prohibiting retaliation, discrimination and denying rights in employment on the basis of a serious on-the-job leg injury, a serious health condition and a disability. Plaintiff's action against Defendant is for violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 et seq.( amended by the Civil Rights

Act of 1991, Pub. L. NO. 102-166), the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq. and the Texas Compensation Act Title 5 Texas Labor Code §§ 451.001 et seq. following a Notice of Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") dated November 14, 2006. Defendants discriminated against Plaintiff based on his disability by failing or refusing to accommodate and provide him FMLA leave. Plaintiff alleges:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, 28 U.S.C. §§ 1349, 28 U.S.C. §§ 1357, 29 U.S.C. §§ 2617 (a) (2) & (3), 42 U.S.C. §§ 2000e-5 (f) (1) (A), 42 U.S.C. §§ 12117 (a), 42 U.S.C. §§ 1981 & 1981a, 42 U.S.C. §§ 1988, 42 U.S.C. §§ 1983, 29 C.F.R. §§ 825.303 (b), 29 C.F.R. §§ 1630.2 (o)(3), Tex. W.C. Comm'n, 28 TEX. ADMIN. CODE §§ 129.6 (Rule 129.6) and Texas Workers' Compensation Act, Title 5 Texas Labor Code §§ 451.003.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 28 U.S.C. §§ 1411 and 42 U.S.C. §§ 2000e-5(f)(3). .

## PARTIES

Plaintiff, Archie L. Williams is a resident of Texas, Harris County residing at 5823 Northridge, Houston, Texas 77033.

Defendant, AT&T and representatives of AT&T is a Texas corporation with operations in Houston, Texas where the alleged discrimination took place.

AT&T is and has been an employer within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) the Family Medical Leave Act of 1993 (FMLA) and the Texas Workers Compensation Act. AT&T has over 500 employees working in the Houston, Texas area.

## INTRODUCTION

1. Plaintiff was hired by AT&T Corp. formerly SBC/Southwestern Bell Telephone on August 18, 1997 and terminated on July 12, 2006. Reason given for termination was performance problems.

**Texas Workers Compensation Act Claim:**

2. Plaintiff injured his left leg on the job and reported it to Manager Daniel Todd on March 23, 2006.
3. Plaintiff visited Houston V A Medical Center's emergency room for treatment of the left leg on March 6, 2006 but was told to come back the next day, March 7, 2006 to see his Primary Care Physician, Dr.

2

Shivayogi C. Annigeri. Plaintiff seen Dr. Annigeri on March 7, 2006 and was diagnosed with chronic pain to the left leg from a sprain. Dr. Annigeri's treatment was to give Plaintiff pain medicine, Naproxen 250 Mil Grams later changed to Ibuprofen 800 Mil Grams at the request of Plaintiff because Naproxen was not relieving the pain.

4. After attending company school for two weeks from April 24, 2006 until May 5, 2006 and going on vacation for two weeks from June 4, 2006 until June 17, 2006, while taking pain medicine and hoping that without the added pressure of working on the leg it would heal but it worsted, Plaintiff asked Supervisor Michael Tyson to be placed on Workers Comp. on June 20, 2006. Michael Tyson became Plaintiff's supervisor on May 16, 2006, two months before Plaintiff's termination.

5. Without any assistance from management, Plaintiff turned to the Union for assistance. Union representative, Stacy Airiohuodion gave Plaintiff a telephone number to call so Plaintiff could meet with a Workers Comp. doctor. Management was becoming hostile at this time.

6. On June 29, 2006, Plaintiff visited Workers Comp. Dr. David Rabbani. Dr Rabbani diagnosed Plaintiff with sprain/strain of Adductor and Gracllis muscles of the left leg. Plaintiff was given a medical certification with restrictions to standing, kneeling, squatting, pushing, pulling, walking and climbing stairs and ladders. Plaintiff e-mailed medical certification to Supervisor Michael Tyson on July 4, 2006 with Supervisor Michael Tyson's response "This needs to go to the disability group" on July 5, 2006. Plaintiff faxed a copy of the medical certification to the disability group then called to see if they had received it. Plaintiff was told that his supervisor, Michael Tyson had to open up a claim file before documents can be taken. Plaintiff called supervisor Michael Tyson on July 5, 2006 and made him aware of this, Michael Tyson stated he would take care of this and send the medical certification himself.

7. Under the Texas Workers' Compensation Act, once an employer (Supervisor Michael Tyson) receives medical documentation (TWCC-73) with restrictions; the employer must issue a written Bona Fide Offer of Employment (BFOE) with good faith effort to the employee. To be legal, the letter must contain specific language (Tex. W.C. Comm'n, 28 TEX. ADMIN. CODE §§ 129.6 (Rule 129.6). Defendant never issued a written Bona Fide Offer of Employment letter to Plaintiff. Plaintiff 's termination is in violation of the Texas Workers' Compensation Laws.

8. During a conversation with Supervisor Michael Tyson on July 7, 2006, Plaintiff was asked why was he still staying over after his tour had ended to complete his work. Supervisor Michael Tyson had asked Plaintiff about staying over his tour on two other occasions July 5, 2006 and July 6, 2006, respectfully. On July 7, 2006, Plaintiff responded by asking Supervisor Michael Tyson about accommodation. Supervisor Michael Tyson stated that he was not going to accommodate Plaintiff. Plaintiff then asked for leave under the Family Medical Leave Act. Supervisor Michael Tyson told Plaintiff to go through Workers Comp. Supervisor Michael Tyson knew or should have known that Workers Comp., the disability group and the FMLA group are two different groups within the Company. Plaintiff has direct evidence to support this. Plaintiff has a written transcript that was recorded on July 13, 2006 by Shannon Wynn an adjuster with the insurance carrier's disability group that states they do not handle FMLA leave.

9. Supervisor Michael Tyson discriminated and retaliated against Plaintiff for filing a Workers Comp. claim and further discriminated and retaliated by not granting Plaintiff accommodation under the Americans with Disabilities Act and leave under the Family Medical Leave Act.

10. Supervisor Michael Tyson's actions were intentional and with malice.

**Americans with Disabilities Act Claim:**

11. Plaintiff gave medical certification asking for accommodation to Supervisor Michael Tyson on July 4, 2006. Plaintiff called Supervisor Michael Tyson about the accommodation on July 5, 2006. Plaintiff asked Supervisor Michael Tyson about the accommodation on July 7, 2006.

12. Defendant (Supervisor Michael Tyson) failed to initiate and engage in the informal "interactive process" with good faith effort to determine accommodations (29 C.F.R. §§ 1630.2 (o)(3). Furthermore, in the Bona Fide Offer of Employment (BFOE); it is required that the letter be written and include accommodations made to the employee.

13. Plaintiff was denied accommodation (discrimination).

14. Plaintiff was terminated because he asked for accommodation (discrimination and retaliation).

15. Plaintiff suffered a type of job related injury that is also a disability.

16. Plaintiff is a qualified individual with a disability that requested accommodation but it was denied by AT&T which is a covered employer with over 500 employees in the Houston area.

17. Plaintiff could not perform the essential functions of a Communication Technician position without reasonable accommodation.

18. Plaintiff would have been able to perform the essential functions of a Communication Technician position within AT&T, with reasonable accommodation.

19. Plaintiff's physical impairment (left leg injury) limited his ability to walk, stand, kneel, squat, push, pull, work and climb (medical certification).

20. Because Plaintiff filed for Workers Comp., Supervisor Michael Tyson discriminated and retaliated against Plaintiff by not granting Plaintiff reasonable accommodation.

21. Defendant, Supervisor Michael Tyson discriminated against Plaintiff when denying him reasonable accommodation and discriminated and retaliated against Plaintiff for asking for accommodation.

22. Supervisor Michael Tyson's actions were intentional and with malice.

**Family Medical Leave Act Claim:**

23. Plaintiff suffered a type of job related injury that is also a serious health condition that made Plaintiff unable to perform his job.

24. After being told by Supervisor Michael Tyson on July 7, 2006 that he was not going to give Plaintiff reasonable accommodation, Plaintiff asked for FMLA leave. Plaintiff e-mailed Michael Tyson on July 10, 2006 asking about the FMLA leave that he had requested on July 7, 2006.

25. Defendant (Supervisor Michael Tyson) failed to cooperate and exchange information through informal means with Plaintiff for Family Medical Leave (29 C.F.R. §§ 825.303 (b).

26. Before termination, Plaintiff had worked for Employer 12 months or 1,250 hours during the previous twelve months. Plaintiff was entitled to FMLA leave but leave was denied to Plaintiff by Defendant, Supervisor Michael Tyson.

27. Defendant, AT&T is a covered employer with over 50 employees within a 75 miles radius of Plaintiff's worksite.

28. Supervisor Michael Tyson failed to grant Plaintiff FMLA leave.

29. Because Plaintiff filed for Workers Comp., Supervisor Michael Tyson discriminated and retaliated against Plaintiff by not granting Plaintiff FMLA leave.

30. The actions of Supervisor Michael Tyson were intentional and with malice.

## **REMEDIES**

31. Authority:

    Texas Workers Compensation Act, Title 5 Texas Labor Code §§ 451.002

    reinstatement and reasonable damages which include back pay, full benefits, prejudgment interest, overtime pay, raises and any other equitable relief as the court deems appropriate;

32. Authority:

    American with Disabilities Act, 42 U.S.C. §§ 12117, 42 U.S.C. §§ 2000e-5 and 42 U.S.C. §§ 1981a

    reinstatement, back pay, job benefits, overtime pay, raises, punitive damages and compensatory damages for an employer with more than 500 employees; And any other equitable relief as the court deems appropriate;

    reasonable attorney's fee, expert witness fees and court costs;

33. Authority:

    Family Medical Leave Act, 29 U.S.C. §§ 2617(a)(1)(A), 29 U.S.C. §§ 2717(a)(3)

    reinstatement, back pay, employment benefits, overtime pay, raises and liquidated damages equal to wages and interest twice; And any other equitable relief as the court deems appropriate;

    reasonable attorney's fee, reasonable expert witness fees and other cost of action;

Respectfully submitted by:

*Archie L Williams*
Archie L. Williams
Plaintiff
5823 Northridge Dr.
Houston, TX 77033
aw5532@sbcglobal.net
(713) 734-8648 or
(281) 447-6943