IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHIE L. WILLIAMS § <br>    PRO SE § <br>       Plaintiff § <br> § <br> VS. § <br> § <br> AT&T INC. § <br>  (FORMERLY SBC § <br>   COMMUNICATION INC.) § <br>    &amp; § <br> EDWARD E. WHITACRE JR. § <br>  IN HIS OFFICIAL CAPACITY AS § <br>  CHAIRMAN AND CEO OF AT&T § <br>  INC. § <br>    &amp; § <br> MICHAEL D. TYSON § <br>  IN HIS OFFICIAL CAPACITY AS § <br>  IMMEDIATE SUPERVISOR OF § <br>  AT&T INC. § <br> § <br>       Defendants § | | CIVIL ACTION No. H-07-0559 <br><br><br><br> (JURY DEMANDED) |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

COME NOW, Defendants AT&T Inc., Edward E. Whitacre, Jr., and Michael D. Tyson and file this Motion to Dismiss Plaintiff's First Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and show this Court the following.

### I. PLAINTIFF'S CLAIMS

1. Plaintiff filed his Original Complaint on February 9, 2007. On May 25, 2007, Plaintiff filed his "First Amendment to Original Complaint".

2. In his Complaint, and in his Amended Complaint, Plaintiff names "Edward E. Whitacre Jr., in his official capacity as chairman and CEO of AT&T Inc.," and names his supervisor, "Michael D. Tyson in his official capacity as immediate supervisor of AT&T Inc."

3. Plaintiff claims he suffered an injury at work and was denied an accommodation for his disability in violation of the Americans with Disabilities Act (ADA). Plaintiff further claims that he was denied leave under the Family Medical Leave Act (FMLA), and he claims that he was terminated from his employment in retaliation for requesting an accommodation and for requesting leave under the FMLA. Plaintiff further claims that his termination was a violation of the Texas Worker's Compensation Act.

4. Plaintiff admits he received a Notice of Right to Sue letter from the EEOC on November 14, 2006. (amended complaint, page 2).

5. By electing to sue Defendants Whitacre and Tyson in their official capacities, Plaintiff has failed to state a claim against these Defendants. Furthermore, by failing to raise a retaliation complaint with the EEOC prior to instituting this suit, Plaintiff failed to exhaust his administrative remedies and has failed to state a viable retaliation claim against all Defendants. Thus, Defendants move to dismiss, with prejudice, Plaintiff's retaliation claims in their entirety. Similarly, Defendants move to dismiss, with prejudice, the claims made against the individual Defendants, Whitacre and Tyson.

## II. STANDARD OF REVIEW

6. Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

7. A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the Plaintiff's right to any relief based on those facts. *Crowe v. Henry,* 43 F.3d 198, 203 (5th Cir. 1995). The issue is not whether the Plaintiff will ultimately prevail but whether the Plaintiff can offer evidence to support its claims. *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir. 2000); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974).

8. A district court's ruling on a motion to dismiss under rule 12(b)(6) is reviewed *de novo*. *Barrientos v. Reliance Standard Life Ins. Co.* 911 F.2d 1115, 1116 (5th Cir. 1990). A dismissal will not be affirmed if the allegations support relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir. 1994).

## III. DISMISSAL OF CLAIMS AGAINST DEFENDANTS WHITACRE AND TYSON

9. Title VII prohibits acts of discrimination and retaliation by an "employer" against an employee. 42 U.S.C. §§ 2000e-2(a)(1); 2000e-3(a). Title VII defines "employer" as "a person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b).

10. The purpose of the "agent" provision in section 2000e(b) was to incorporate respondeat superior liability into Title VII. *Pfau v. Reed*, 125 F.3d 927, 936 (5th Cir. 1997) *citing Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied*, 114 S.Ct. 1049 (1994). Thus, a Title VII suit against an employee is actually a

3

suit against the corporation.  *Indest v. Freeman Decorating, Inc., et al.,* 164 F.3d 258, 262 (5th Cir. 1999).

11. Under Fifth Circuit caselaw, a plaintiff may not maintain a cause of action against both the corporation and its officer or agent in an official capacity because doing so could effectively hold the corporation liable twice for the same act. *Id.*, *citing Sims v. Jefferson Downs Racing Assoc., Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985); *see also Allen v. Tulane University et al.*, No. 92-4070, 1993 U.S. Dist. LEXIS 15641, at *11, *12 (E.D. La. Nov. 2, 1993).

12. With respect to the ADA, Fifth Circuit district courts have held that individual defendants cannot be held liable for damages under the ADA. *Jenkins v. Bd. Of Educ. et al.,* 937 F. Supp. 608, 612 (S.D. Tex. 1996); *Miller v. Giglio Distrib. Co.,* 899 F. Supp. 318, 319 (E.D. Tex. 1995); *Rodriguez v. Corvel Corp.*, No. SA-99-CA 1339 HG, 2001 U.S. Dist. LEXIS 25714 at *15-16 (W.D. Tex. Feb. 26, 2001).   Where, as here, the plaintiff names the corporation, an officer, and an employee/supervisor as defendants, the Title VII and ADA claims are merely repetitive of the claim already pending against the employer. *Barnett v. The Tree House Café, Inc., et al.*, No. 5:05-cv-195 (DCB), 2006 U.S. Dist. LEXIS 88999 (So. D. Miss. Dec. 8, 2006) at *7-*8 (claims against officer and employee in their official capacities merge into claims against the employer); *citing Taylor v. Scottpolar Corp.*, 995 F. Supp. 1072, 1079 (D. Arizona, 1998); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993); *Saylor v. Ridge*, 989 F. Supp. 680, 688 (E.D. Penn. 1998) ("because a suit against a defendant in his or her official capacity is nothing

4

more than suit against the defendant's employing entity, dismissal of an individual defendant in their official capacity is appropriate". *citing Clarke v. Whitney*, 907 F. Supp. 893 (E.D. Pa. 1995) *citing Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)).

13. In paragraph 9 of the amended complaint, plaintiff claims defendants Tyson and Whitacre discriminated and retaliated against him for filing a claim for workers compensation. (amended complaint, para. 9.)  Section 451.001 of the Texas Labor Code, (also referred to as the "Anti Retaliation Law"), makes it unlawful for a person to discharge an employee for filing a workers' compensation claim in good faith.  Tex. Lab. Code §451.001 (Vernon 2006). Texas courts have held that this Anti-Retaliation Law creates a cause of action against the employer, not against the individual supervisor of an employer. *Denton County v. Johnson*, 17 S.W.3d 46, 51 (Tex. App. – Ft. Worth, 2000), *citing Honhorst v. Univ. of North Texas*, 983 S.W.2d 872, 875-876 (Tex. App. – Ft. Worth, 1998), *Battin v. Samaniego*, 23 S.W.3d 183, 187 (Tex. App. – El Paso 2000).   Plaintiff has brought suit against his employer, AT&T Inc.; thus the claims against defendants Tyson, his individual supervisor, and Whitacre, the former CEO and Chairman of AT&T Inc., should be dismissed as a matter of law.

14. Plaintiff's amended complaint contains no facts tying Defendant Whitacre to the alleged discriminatory and retaliatory acts that form the basis of his suit.  The only facts alleged against Defendant Tyson constitute alleged comments and/or directives made by Tyson during the ordinary course and scope of his (Tyson's)

employment, and in his official capacity as Plaintiff's supervisor.  Under Fifth Circuit caselaw, and under Texas state law, Plaintiff is forever unable to state a claim for relief against these Defendants and his complaint against these Defendants should be dismissed with prejudice.

### IV.  **PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS**

15. Prior to filing a civil action under Title VII, an aggrieved party must file an administrative charge with the EEOC.  *See* 42. U.S.C. § 2000e-5(f)(1).  The charge must be filed within 180 days of the occurrence of the unlawful employment practice.  42. U.S.C. §2000e-5(e)(5).  Where an EEOC charge is not timely filed, a suit based on the untimely filed charge should be dismissed.  *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 476-77 (5th Cir. 1991); *Templeton v. Western Union Tel. Co.*, 607 F.2d 89, 91 (5th Cir. 1979) (per curiam); *see also National Ass'n of Gov't Employees v. City Pub. Serv.,* 40 F.3d 698, 711 (5th Cir. 1994) ("Courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.")

16. Plaintiff alleges that Defendants unlawfully retaliated against him by terminating his employment after he allegedly requested an accommodation for his disability and after he allegedly requested FMLA leave, all in violation of Title VII. (amended complaint  para.14, 29)

17. Plaintiff's EEOC claim is attached to his original complaint and is part of the court's file.  Plaintiff's EEOC claim fails to allege any claim of retaliation against these Defendants.

6

18. Plaintiff alleges he was terminated from his employment on July 12, 2006 (amended complaint, para. 1). Per 42 U.S.C. §2000e-5(e)(5), Plaintiff was required to file any claim of retaliation with the EEOC on or before January 12, 2007. He failed to do so and, therefore, failed to exhaust his administrative remedies. Thus, Plaintiff's claim of retaliation against these Defendants should be dismissed.

## V.  CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant the motion to dismiss Defendants Whitacre and Tyson from Plaintiff's amended complaint, with prejudice, and that it dismiss Plaintiff's retaliation claims, with prejudice, against all Defendants in this matter. Defendants respectfully request that this Court order Plaintiff to amend his complaint in conformity with this motion to dismiss.

Respectfully Submitted,


By:_____/s/ Elizabeth Ferrell_____
ELIZABETH FERRELL
SBOT # 00784046
6500 West Loop South, Zone 5.5
Bellaire, Texas 77401
713.567.7836 (telephone)
713.567.4669 (facsimile)

ATTORNEY FOR AT&T, EDWARD E. WHITACRE, JR., AND MICHAEL D. TYSON

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHIE L. WILLIAMS<br>    PRO SE<br>        Plaintiff | § § § § | |
| VS. | § § | CIVIL ACTION No. H-07-0559 |
| AT&T INC.<br>  (FORMERLY SBC<br>  COMMUNICATION INC.)<br>     &<br>EDWARD E. WHITACRE JR.<br>  IN HIS OFFICIAL CAPACITY AS<br>  CHAIRMAN AND CEO OF AT&T<br>  INC.<br>     &<br>MICHAEL D. TYSON<br>  IN HIS OFFICIAL CAPACITY AS<br>  IMMEDIATE SUPERVISOR OF<br>  AT&T INC.<br>        Defendants | § § § § § § § § § § § § § § § § | (JURY DEMANDED) |

### **ORDER GRANTING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

The Court, having considered the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and having reviewed the pleadings on file with the Court, finds that the motion to dismiss is meritorious, and finds that Plaintiff has failed to state a claim against the individual Defendants, Edward E. Whitacre Jr., and Michael D. Tyson, and orders that all claims against these Defendants be DISMISSED.

With respect to Plaintiff's claims of retaliation, this Court further finds that Plaintiff has failed to state a claim for relief against all Defendants, and orders that all claims for retaliation be DISMISSED against all Defendants.

Plaintiff is granted leave to amend his amended complaint within _____ in conformity with this ORDER.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on this the 22nd day of June, 2007, a true and correct copy of the above and foregoing instrument was served upon all counsel of record via regular U.S. mail and certified mail, return receipt requested and/or facsimile to:

Archie L. Williams            ***Via CMRRR – 7004 1160 0007 3860 5778***
5823 Northridge
Houston, TX 77033
Pro Se


                                                  _____/s/ Elizabeth Ferrell_____
                                                  Elizabeth Ferrell