IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARCHIVE L. WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-07-0559 |
| § | |
| AT&T, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER ON MOTION TO DISMISS**

The plaintiff, Archie L. Williams, sued his former employer, AT&T Corp., formerly SBC/Southwestern Bell Telephone, in 2007. Williams also named as defendants Edward Whitacre, Jr., the Chairman and CEO of AT&T, Inc., and Michael D. Tyson, an AT&T employee who was Williams's immediate supervisor.

Williams alleges that he injured his leg. He alleges that he was fired after he had sought worker's compensation benefits and after he had sought to take leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and accommodation for the injury under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 *et seq.* Williams asserts discrimination and retaliation in violation of the Texas Worker's Compensation Act, the ADA, and the FMLA.

The defendants have moved to dismiss on two grounds. (Docket Entry No. 12). First, they move to dismiss the claims against the individual defendants. Second, they move to

dismiss the retaliation claim. For the reasons explained below, the motions are granted in part and denied in part.

**I.      The Legal Standard for a Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case,

unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). In this case, Williams has already amended once. Moreover, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

## II.     Analysis

### A.     The FMLA Claims against the Individual Defendants

In certain circumstances, individuals can be held liable under the FMLA. The FMLA definition of a covered "employer" includes "any person who acts directly or indirectly in the interest of an employer to any of the employer's employees. . . . [I]ndividuals such as corporate officers 'acting in the interest of an employer' are individually liable for violations of the requirements of the FMLA." 29 C.F.R. § 825.104(d); *see also* 29 U.S.C. § 2611(4)(A). Courts, including courts within the Fifth Circuit, have held that individuals can be held liable under the FMLA. *See, e.g., Oby v. Baton Rouge Marriott*, 329 F. Supp. 2d 772, 788 (M.D. La. 2004) ("[M]ost courts that have decided the issue have determined that supervisors can be held individually liable for FMLA violations.); *Cantley v. Simmons*, 179 F. Supp. 2d 654, 655–58 (S.D. W. Va. 2002) ("[I]ndividual liability is permitted under the FMLA."); *Meara v. Bennett,* 27 F. Supp. 2d 288, 291 (D. Mass. 1998) (noting that the definition of employer under the FMLA "suggests that individuals are contemplated as

defendants"); *Longstreth v. Copple*, 101 F. Supp. 2d 776, 278–80 (N.D. Iowa 2000). An individual does not necessarily have to be a corporate officer or otherwise have a corporate role to be held individually liable under the FMLA. Rather, the individual has to have "sufficient responsibility or stature within [the defendant employer] to warrant the imposition of personal liability under the FMLA." *Williamson v. Deluxe Fin. Servs., Inc.*, No. 03-2538, 2005 WL 1593603, at *9 (D. Kan. July 6, 2005); *see also Oby*, 329 F. Supp. 2d at 788 ("[T]he test for [individual FMLA] liability is whether the defendant had the ability to control, in whole or in part, whether the plaintiff could take a leave of absence and return to the position."); *Brown v. CBK*, No. 1:05-1171, 2005 WL 3263873, at *2 (W.D. Tenn. Nov. 28, 2005) ("[T]he FMLA has been interpreted to impose individual liability on employees of covered private sector employers if the employee exercises an adequate amount of control over the plaintiff's ability to exercise his or her FMLA rights."); *Cantrell v. Bauhaus, U.S.C., Inc.*, No. 1:99CV366, 2001 WL 1524410, at *2 (N.D. Miss. Feb. 22, 2001) (holding that a plant manager was not individually liable under the FMLA because the plant manager was not the one who made the decision to terminate the plaintiff); *Bryant v. Delbar Prods., Inc.*, 18 F. Supp. 2d 799, 807–09 (M.D. Tenn. 1998) (finding individual liable under the FMLA because he "had all the personnel responsibilities at the plant," and he participated in the decision to terminate the plaintiff employee); *Brunelle v. Cytec Plastics, Inc.*, 225 F. Supp. 2d 67, 82 (D. Me. 2002) (holding that "a front-line supervisor-at the bottom of four rungs of management . . . simply was not a prominent enough player in [the defendant employer's] operations to be considered an 'employer' for purposes of the FMLA).

4

On the basis of these cases, it appears that the FMLA claims against Whitacre should be dismissed because no facts are alleged showing that he had any involvement in the decision to fire Williams. The FMLA claims against Tyson remain.

### B.     The ADA Claims Against the Individual Defendants

The plaintiff's ADA claim against the individual defendants must be dismissed. The courts have held that there is "no meaningful distinction between the definitions of 'employer' in Title VII and the ADA" and that, just as under Title VII, "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999); *see also Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996). This result is consistent with cases holding that a party is prohibited from suing individuals under Title VII, *see Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999), and under the ADEA, *see Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Due to the similarity in the definitions of "employer" under Title VII, the ADEA, and the ADA, personal capacity suits are also prohibited under the ADA. The same result applies to ADA claims against individual defendants in the "official" capacities. The rationale for prohibiting concurrent suits under Title VII against an employer and the employer's agent in her official capacity is equally applicable under the ADA. Williams's ADA claims against the individual defendants are dismissed.

### C.     The Retaliation Claims

5

The defendants have also moved to dismiss the retaliation claims because Williams did not assert retaliation in the EEOC claim he filed on August 21, 2006. In that claim, Williams asserted that he was suspended pending dismissal on July 11, 2006, because of discrimination based on the disability resulting from his injury. (Docket Entry No. 1, Ex. 2). Williams did not mention retaliation in his EEOC claim.

A plaintiff must administratively exhaust his claims before filing suit. The scope of a lawsuit is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the EEOC claim. *See Randel v. U. S. Dep't of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If retaliation is alleged to have occurred after a previously filed EEOC charge, a plaintiff need not file another EEOC charge to allege retaliation. *Gupta v. East Tex. State. Univ.*, 654 F.2d 411, 413-14 (5th Cir. 1981). A number of cases have held that when, as here, the only facts alleged to support a claim of retaliation occurred before the plaintiff filed the initial EEOC charge, that charge must include the retaliation claim before it can be included in a lawsuit. *See, e.g., McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 482–83 (7th Cir. 1996). The Seventh Circuit held that "[b]ecause each of those incidents of retaliation could have been—and should have been—included in her administrative charges, they cannot now serve as the basis of the retaliation claim alleged in her complaint." *Id.* at 483. The *McKenzie* court allowed other claims of retaliation to survive dismissal because the plaintiff alleged that the underlying retaliatory acts had occurred after the plaintiff had filed her EEOC complaint. *Id.*; *see also Ang v. Procter & Gamble Co.,* 932 F.2d 540, 547 (6th Cir. 1991); *McCray v. DPC Indus., Inc*., 942 F. Supp. 288, 295 (E.D. Tex. 1996) ("Where

the alleged retaliation occurs before the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies on that claim.").

In this case, all the retaliation claims Williams alleges occurred before he filed his EEOC claim. Williams did not mention any retaliation claim in his EEOC filing. Because retaliation could and should have been included in his administrative charge, he cannot raise it for the first time in his lawsuit. The motion to dismiss the retaliation claims under the ADA and the FMLA is granted.

## III.   Conclusion

The motion to dismiss is granted in part and denied in part. All claims against Whitacre are dismissed. The retaliation and ADA claims against Tyson are dismissed. The retaliation claim is dismissed as to AT&T as well.

SIGNED on July 20, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge