**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARCHIE L. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0559 |
| | § | |
| AT&T, INC., *et al.*, | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM AND ORDER**

In this employment discrimination case, the plaintiff, Archie Williams, asserts numerous claims against his former employer and his union arising from his firing. Williams sued "AT&T Corp. formerly SBC/Southwestern Bell Telephone." He has moved for leave to amend his complaint to substitute the proper party as his former employer, in response to letters from this defendant informing him that his former employer was Southwestern Bell Telephone LP, now known as Southwestern Bell Telephone Company ("SWBT"). (Docket Entry No. 27). This defendant has moved for summary judgment in part on the basis that it was improperly sued as AT&T and that the Williams's proper employer was, in fact, Southwestern Bell Telephone L.P., now known as Southwestern Bell Telephone Company ("SWBT") (Docket Entry No. 30).

Williams's motion for leave to amend, (Docket Entry No. 27), is granted. The motion for summary judgment, (Docket Entry No. 30), is granted in part. AT&T and SBC/Southwestern Bell Telephone are dismissed; Southwestern Bell Telephone L.P. n/k/a

Southwestern Bell Telephone Company ("SWBT") is the proper party defendant.

SWBT's summary judgment motion asks this court to find that based on the undisputed evidence in the record, Williams cannot prevail on the merits of his claims under the FMLA, the ADA, and Article 451 of the Texas Labor Code. Williams responded by seeking a continuance based on his own health situation and a need for additional discovery. (Docket Entry No. 31). Williams also filed a response on the merits, to which SWBT responded. The parties have objected to evidence submitted by the other.

After Williams filed his motion for continuance, this court resolved a number of discovery issues. Williams's motion for continuance to conduct additional discovery relating to the summary judgment motion on the merits of his claims is granted to the extent of allowing him to file any additional materials that he wants the court to consider as part of his opposition to SWBT's summary judgment motion no later than **July 18, 2008.** This supplemental filing is to be limited to materials obtained in discovery since March 2008 and may not repeat or duplicate what is already on file with the court. SWBT will have until August 8, 2008 to file any response.

SIGNED on July 2, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge